# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-14-00048-CR

**The State of Texas, Appellant**

**v.**

**Jess Lee Garcia, Appellee**

### FROM THE COUNTY AT LAW NO. 6 OF TRAVIS COUNTY
### NO. C-1-CR-12-221124, HONORABLE BRANDY MUELLER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State of Texas appeals the trial court's order granting Jess Lee Garcia's motion to suppress evidence in the underlying felony DWI prosecution. As a preliminary matter, the State has filed a motion to abate this appeal for additional findings of fact from the trial court, arguing that the trial court's findings are inadequate for our review of the court's application of the law to the facts in determining that the arresting officer lacked reasonable suspicion to detain Garcia.[1] The only witness at the hearing on Garcia's motion to suppress was Sergeant Don Doyle of the Austin Police Department, and the crux of the motion was whether Sergeant Doyle had reasonable suspicion to detain Garcia based on information that a police dispatcher received from a 9-1-1 caller and shared with Sergeant Doyle.

---

[1] The State has also filed a motion to extend time for filing its brief until two weeks after the record is supplemented with the trial court's additional findings. We grant the motion.

The trial court is required to make "essential findings," meaning, "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *See State of Tex. v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013). We must abate for additional findings of fact when a party has requested them but the trial court makes findings that are so incomplete that we are unable to make a legal determination. *Id*.

Here, the trial court's findings are inadequate regarding the historical facts to be considered when making the ultimate legal determination of whether Sergeant Doyle had reasonable suspicion to detain Garcia. *See id.* at 495-96 (concluding trial court's findings were inadequate as to historical facts that reviewing court was to consider when making ultimate legal determination of whether appellee was in custody). The findings of fact that the trial court issued do not address the time of day or location of the detention, factors which the Texas Court of Criminal Appeals has identified as relevant in determining whether reasonable suspicion exists justifying a detention for DWI. *See Foster v. State*, 326 S.W.3d 609, 613 & n.10 (Tex. Crim. App. 2010) (concluding that "time of day" and "location near a bar district where police had made numerous DWI arrests" were "relevant and appropriate considerations when doing a totality of the circumstances review to determine whether or not reasonable suspicion exists"). Nor do the findings address whether the 9-1-1 caller identified himself to the police dispatcher, where Sergeant Doyle was when he received the notification from the dispatcher, or whether the trial court found Sergeant Doyle credible, which are relevant to our totality-of-the-circumstances review and determination of the corroboration necessary for a law-enforcement officer to act on a citizen-informant's report to a police dispatcher.

2

*See, e.g.*, *State of Tex. v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012) (remanding for trial court's additional fact findings as to testifying officer's credibility).

As such, we abate this appeal and remand this case to the trial court for entry of the essential findings that were omitted. A supplemental clerk's record containing the additional findings of fact shall be filed with this Court no later than May 12, 2014. This appeal will be reinstated after the supplemental clerk's record is filed.

Before Chief Justice Jones, Justices Pemberton and Rose

Abated

Filed: April 11, 2014

Do Not Publish